# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

December 13, 2019

**BY ECF**

Judge Vernon S. Broderick
United States Courthouse
40 Foley Square
New York, NY 10007-1312


Re:   Juarez et al v. Grab & Go Gourmet Deli Inc. et al
      Index No. **18-cv-06689-VSB**

Dear Judge Broderick:

This office represents Plaintiff in the above referenced matter. The parties have agreed to a settlement ("Agreement") after attending a settlement conference in front of Your Honor. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

As alleged Plaintiffs would be entitled to back wages of approximately $36,941 as their best case scenario. However, Plaintiff Candido does not have any FLSA claims. Thus, Plaintiff Juarez best case FLSA back wages are approximately $24,595. Therefore, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to an early settlement of the FLSA action[1] for the sum of $30,000. A copy of Plaintiffs' best case damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes. Therefore, Plaintiffs believe the settlement is reasonable because they are recovering approximately 82% of FLSA wages owed in early litigation.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $10,332.00 which is comprised of 1) $9,834 in attorney fees which was calculated by subtracting $498 in costs and dividing the remainder by three and 2) costs

---

[1] The parties have entered into a separate agreement in settlement of Plaintiffs' State claims.

of $498 which represents a portion of costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,420 in attorneys' fees[2], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

      i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

      ii.      Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[3]

---

[2] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."
[3] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

        Respectfully Submitted,

        /s/ Gennadiy Naydenskiy

        Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICENTE JUAREZ and OCTAVIO JUAREZ CANDIDO, *individually and on behalf of others similarly situated,*<br><br>　　　　　　Plaintiffs,<br><br>-against-<br><br>GRAB & GO GOURMET DELI INC. (D/B/A GRAB & GO GOURMET DELI), DERHEM MOHAMMAD SALEH, ALI HASAN HADWAN (A.K.A. ALIBABA), and FOUAD HADWAN (A.K.A. DAVID),<br><br>　　　　　　*Defendants.* | **18-cv-06689-VSB**<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

　　　　This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Vicente Juarez and, Octavio Juarez Candido ("Plaintiffs") on the one hand, Grab & Go Gourmet Deli Inc. (d/b/a Grab & Go Gourmet Deli), ("Defendant Corporation"), Derhem Mohammad Saleh, Ali Hasan Hadwan a.k.a. Alibaba, and Fouad Hadwan a.k.a. David, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

　　　　WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

　　　　WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-06689-VSB (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

　　　　WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

　　　　WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

　　　　NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

　　　　1. Payment: Defendants shall pay or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the gross sum of Thirty Thousand Dollars and No Cents (**$30,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, payable as follows:

1231196.1

| VICENTE JUAREZ | $6,011.48 by IRS Form 1099 and $6,011.48 by W-2 |
|---|---|
| OCTAVIO JUAREZ CANDIDO | $3,822.52 by IRS Form 1099 and $3,822.52 by W-2 |
| MICHAEL FAILLACE & ASSOCIATES, ATTORNEYS' FEES AND COSTS | $10,332.00 by IRS Form 1099 |

(a) 1 (a) The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

2. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally release from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all FLSA charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA liabilities (hereinafter referred to as "claim" or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants. Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. <u>Acknowledgments:</u> Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**

60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Benjamin Sharav
**Law Office of Benjamin Sharav**
160 West End Avenue, #25k
New York, NY 10023
Tel: (917)-392-9887
Email: Email: juris_ben@msn.com

7.   <u>Governing Law</u>:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.   <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.   <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.   <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFFS:**

By: _____  Date: 12/5/19
VICENTE JUAREZ

By: _____  Date: 12/10/19
OCTAVIO JUAREZ CANDIDO

**DEFENDANTS:**

By: _____  Date: 11/5/19
GRAB & GO GOURMET DELI INC.

By: _____  Date: 11/5/19
DERHEM MOHAMMAD SALEH

By: _____  Date: 11/5/19
ALI HASAN HADWAN A.K.A. ALIBABA

By: _____  Date: 11/5/19
FOUAD HADWAN A.K.A. DAVID

# EXHIBIT B

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | | | Minimum Wage | | | Paid Wages | | | Unpaid Wages & OT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT |
| **Vicente Juarez** | 12/11/2017 | 12/30/2017 | 3 | 62 | $ 11.00 | $ 16.50 | $ 803.00 | $ 150.00 | $ 3.75 | $ 5.63 | $ 653.00 | $ 1,959.00 | $ 1,959.00 |
| | 12/31/2017 | 1/31/2018 | 4 | 62 | $ 13.00 | $ 19.50 | $ 949.00 | $ 150.00 | $ 3.75 | $ 5.63 | $ 799.00 | $ 3,196.00 | $ 3,196.00 |
| | 2/1/2018 | 2/28/2018 | 4 | 60 | $ 13.00 | $ 19.50 | $ 910.00 | $ 150.00 | $ 3.75 | $ 5.63 | $ 760.00 | $ 3,040.00 | $ 3,040.00 |
| | 3/1/2018 | 4/30/2018 | 9 | 70 | $ 13.00 | $ 19.50 | $ 1,105.00 | $ 175.00 | $ 4.38 | $ 6.56 | $ 930.00 | $ 8,370.00 | $ 8,370.00 |
| | 5/1/2018 | 7/19/2018 | 11 | 60 | $ 13.00 | $ 19.50 | $ 910.00 | $ 180.00 | $ 4.50 | $ 6.75 | $ 730.00 | $ 8,030.00 | $ 8,030.00 |
| | | | | | | | | | | | | $ 24,595.00 | $ 24,595.00 |
| | | | | | | | | | | | | | |
| **Octavio Juarez Candido** | 7/1/2014 | 12/30/2014 | 26 | 40.5 | $ 8.00 | $ 12.00 | $ 326.00 | $ 130.00 | $ 3.25 | $ 4.88 | $ 196.00 | $ 5,096.00 | $ 5,096.00 |
| | 12/31/2014 | 8/15/2015 | 32 | 40.5 | $ 8.75 | $ 13.13 | $ 356.56 | $ 130.00 | $ 3.25 | $ 4.88 | $ 226.56 | $ 7,250.00 | $ 7,250.00 |
| | | | | | | | | | | | | $ 12,346.00 | $ 12,346.00 |
| | | | | | | | | | | | | | |
| **TOTAL DAMAGES** | | | | | | | | | | | | $ 36,941.00 | $ 36,941.00 |
| | | | | | | | | | | | | | |
| **NYLL - SOL** | 7/27/2011 | | | | | | | | | | | | |
| **NYLL Amendment Date** | 4/9/2011 | | | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | |
| **FLSA - SOL** | 7/26/2014 | | | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | | | | | |
| **Filing Date** | 7/25/2017 | | | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLS | | | | | | | |
| **Today's Date** | 12/13/2019 | | | | | | | | | | | | |

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | Spread of Hours | | | Pre-Judgment Interest | | Other Claims | | | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | SOH Days per Week | Unpaid SOH Pay | Liq. Damages on Unpaid SOH Pay | PJI on Wages | PJI on SOH | Wage Notice | Wage Statement | Tools of the Trade | |
| **Vicente Juarez** | 12/11/2017 | 12/30/2017 | 1 | $ 33.00 | $ 33.00 | $ 349.27 | $ 5.88 | $ 5,000.00 | $ 5,000.00 | $ 1,032.50 | $ 14,340.15 |
| | 12/31/2017 | 1/31/2018 | 1 | $ 52.00 | $ 52.00 | $ 549.32 | $ 8.94 | | | | $ 7,055.26 |
| | 2/1/2018 | 2/28/2018 | 0 | $ - | $ - | $ 500.02 | $ - | | | | $ 6,580.02 |
| | 3/1/2018 | 4/30/2018 | 0 | $ - | $ - | $ 1,284.87 | $ - | | | | $ 18,024.87 |
| | 5/1/2018 | 7/19/2018 | 0 | $ - | $ - | $ 1,093.09 | $ - | | | | $ 17,153.09 |
| | | | | $ 85.00 | $ 85.00 | $ 3,776.57 | $ 14.82 | $ 5,000.00 | $ 5,000.00 | $ 1,032.50 | $ 63,153.39 |
| **Octavio Juarez Candido** | 7/1/2014 | 12/30/2014 | 0 | $ - | $ - | $ 2,388.15 | $ - | $ 5,000.00 | $ 5,000.00 | $ 700.00 | $ 22,580.15 |
| | 12/31/2014 | 8/15/2015 | 0 | $ - | $ - | $ 3,030.22 | $ - | | | | $ 17,530.22 |
| | | | | $ - | $ - | $ 5,418.36 | $ - | $ 5,000.00 | $ 5,000.00 | $ 700.00 | $ 40,110.36 |
| **TOTAL DAMAGES** | | | | $ 85.00 | $ 85.00 | $ 9,194.93 | $ 14.82 | $ 10,000.00 | $ 10,000.00 | $ 1,732.50 | $ 103,263.76 |

| | |
|---|---|
| NYLL - SOL | 7/27/2011 |
| NYLL Amendment Date | 4/9/2011 |
| FLSA - SOL | 7/26/2014 |
| Filing Date | 7/25/2017 |
| Today's Date | 12/13/2019 |

SA and NYLL.

# EXHIBIT C

*Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200        Fax:(212) 317-1620

Vicente Juarez                                                                                      December 12, 2019

                                                                                File #:     ab&GoGourm
**Attention:**                                                                  Inv #:            1180

RE:     Juarez et al v. Grab & Go Gourmet Deli Inc. et al; SDNY 18-cv-06689

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jul-25-18 | Initial consultation with MF | 1.50 | 675.00 | MF |
|  | Drafted Complaint | 1.50 | 675.00 | MF |
| Aug-20-18 | Prepared Damages Chart | 0.50 | 50.00 | PL |
| Aug-27-18 | assign default to paralegals | 0.10 | 25.00 | HA |
| Sep-18-18 | Drafted Certificates of Default Per Plaintiff and Drafted Affirmation | 0.75 | 75.00 | PL |
| Oct-17-18 | Letter Motion For Leave to File Amended Complaint | 0.30 | 30.00 | MF |
| Oct-30-18 | Reviewed Amended Complaint | 0.50 | 225.00 | MF |
|  | Drafted Amended Complaint | 0.75 | 75.00 | PL |
| Jan-04-19 | Prepared certificates of default | 0.75 | 75.00 | PL |
| Jan-25-19 | letter asking thirty days to file default motion | 0.20 | 50.00 | HA |
| Feb-18-19 | Drafted Plaintiffs Declarations | 0.75 | 75.00 | PL |
| Feb-19-19 | Meeting with Plaintiffs Translated and Edited Declarations for Default Motion | 0.75 | 75.00 | PL |

| Date | Description | Hours | Amount | |
|---|---|---|---|---|
| Feb-20-19 | Drafted Default Motion | 3.00 | 300.00 | PL |
| Feb-21-19 | review and edit default motion | 0.60 | 210.00 | GN |
| Apr-23-19 | draft ltr to court | 0.10 | 35.00 | GN |
| | conference with def attorney and Business Taxes re: sett | 0.20 | 70.00 | GN |
| Apr-24-19 | telephone court re: conference | 0.10 | 35.00 | GN |
| May-13-19 | telephone conference with def attorney re: mediation dates | 0.10 | 35.00 | GN |
| May-14-19 | conference with def attorney re: mediation dates | 0.10 | 35.00 | GN |
| May-23-19 | review and edit mediation statement | 0.40 | 140.00 | GN |
| | review and edit revised amended complaint | 0.50 | 175.00 | GN |
| Jun-17-19 | email w def attorney re: scheduling | 0.10 | 35.00 | GN |
| Jun-27-19 | conference with def attorney | 0.10 | 35.00 | GN |
| Jul-09-19 | travel to court | 0.40 | 70.00 | GN |
| | mediation | 4.00 | 1,400.00 | GN |
| | travel from court | 0.40 | 70.00 | GN |
| | Mediation with GN and Clients | 4.00 | 400.00 | PL |
| | Travel to Court | 0.40 | 40.00 | PL |
| | Travel From Court to Office | 0.40 | 40.00 | PL |
| Sep-18-19 | calculate sett payout | 0.30 | 105.00 | GN |
| Oct-17-19 | discuss with PL | 0.20 | 70.00 | GN |
| | draft and review sett agreeements | 2.00 | 700.00 | GN |
| Dec-04-19 | draft fairness motion | 0.90 | 315.00 | GN |

|  |  | | |
|---|---|---:|---:|
|  | Totals | 26.65 | $6,420.00 |

### DISBURSEMENTS

| Date | Description | Amount |
|---|---|---:|
|  | Filing Fee | 400.00 |
| Jul-27-18 | Process Server: Grab & Go Gourmet Deli Inc | 65.00 |
| Aug-02-18 | Process Server: Alibaba Doe | 50.00 |
|  | Process Server: David Doe | 50.00 |
|  | Process Server: Derhem Mohammad Saleh | 50.00 |
| Nov-01-18 | Process Server: Amended Summons for Grab & Go Gourmet Deli | 65.00 |
| Nov-13-18 | Process Server: Amended Summons for Derhem Mohammad Saleh | 50.00 |
|  | Process Server: Fouad Hadwan (a.k.a. David) | 50.00 |
|  | Process Server: Ali Hasan Hadwan (a.k.a. Alibaba) | 50.00 |
|  | Totals | $830.00 |

| | |
|---|---:|
| **Total Fee & Disbursements** | $7,250.00 |
| **Balance Now Due** | $7,250.00 |