```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VICENTE JUAREZ, et al.,                                     :
                                                            :
                            Plaintiffs,                     :
                                                            :                18-CV-6689 (VSB)
              -v-                                           :
                                                            :
GRAB & GO GOURMET DELI INC., et al.,                        :              ORDER
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2020

<u>VERNON S. BRODERICK</u>, United States District Judge:

The parties have advised me that they have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 86.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because the parties have not provided me with enough information to assess whether the settlement amount and the amount of attorney's fees are reasonable, and because I find the release provision to be overbroad, the parties' request that I approve the settlement agreement is DENIED.

### I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

1

seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d 593 at 602 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. Discussion

The parties have submitted a letter with exhibits detailing why they believe the settlement reached in this action, and the contemplated attorney's fees and costs, are fair and reasonable. (Doc. 86).

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for a total settlement amount of $30,000, with (1) Plaintiff Vicente Juarez receiving $12,022.96; (2) Plaintiff Octavio Juarez Candido receiving $7,645.04; and (3) counsel receiving $10,332, including $498 in costs.

(Doc. 86, at 2–3.)  Counsel states that Plaintiffs are entitled to back wages of $36,941, but that Plaintiff Candido does not have any FLSA claims, and the parties apparently entered into a separate agreement to settle their state law claims.  (*Id.*)  Plaintiffs do not elaborate further on this statement, which is perplexing given that the Complaint asserts claims under the FLSA and under the New York Labor Law on behalf of both Plaintiffs.  (*See* Doc. 1.)  The included damages chart suggests that some of Plaintiff Candido's claims, *i.e.* those arising prior to July 26, 2014,[1] may be time-barred, but not all.  (Doc. 86, at 11 (stating that for the period between December 31, 2014 and August 15, 2015, Plaintiff Candido was owed unpaid wages and overtime in the amount of $7,250.))  Counsel states that the settlement amount is appropriate because "[t]hroughout the litigation, there were contested factual disputes."  (*Id.* at 2.)

These conclusory and confusing assertions preclude me from assessing whether the settlement amount is reasonable in light of both Plaintiffs' "range of possible recovery." *Wolinsky*, 900 F. Supp. 2d at 335.  Plaintiffs have also not provided me with any detail about the risks of continuing to litigate this specific case, or any information that would allow me to assess whether the settlement agreement was "the product of arm's-length bargaining between experienced counsel" rather than the product of "fraud or collusion."  *Id.*  These omissions also preclude me from determining whether the requested attorneys' fees are reasonable, as "the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained." *Fisher*, 948 F.3d at 606 (citation omitted).

In addition, the settlement agreement contains overly broad release provisions.  Specifically, both Plaintiffs agree to release Defendants and any "heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents,

---

[1] This action was filed on July 25, 2017; the statute of limitations in FLSA actions based on willful conduct is three years.  29 U.S.C. § 255(a). !

3

attorneys, legal representatives and managers" from liability on any FLSA claims that they "at any time has, had, claims or claimed to have against Defendants." (Doc. at 6–7.) This release of claims is overbroad. It is not limited to claims arising through the date of the agreement, or claims arising out of the conduct alleged in the Complaint, thereby arguably precluding Plaintiffs from bringing FLSA actions based on future conduct by Defendants. Notably, under the proposed settlement agreement Defendants release Plaintiffs only from the claims "they have, had or claimed to have against Plaintiffs that have occurred as of the Effective Date of this Agreement." (*Id.* at 7.)

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). "Judicial disfavor of broad releases is especially pronounced where . . . 'releases [a]re not mutual and protect[] only the defendants.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)).

For these reasons, courts in this District typically require releases to be limited to the claims at issue in this action or, at most, to claims arising up to the date of the agreement under

the wage and hour statutes pursuant to which the plaintiff has brought his action.  *Cf. Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703 (RA), 2019 WL 5449061, at *3 (S.D.N.Y. Oct. 24, 2019) (rejecting a release that discharged defendants from "any and all claims . . . of any kind whatsoever . . . that Plaintiff ever had, now has, or hereafter may have . . . by reason of any act. . . up to and including the date of the execution of this Agreement"); *Felix v. Breakroom Burgers & Tacos*, No. 15 CIV. 3531 (PAE), 2016 WL 3791149, at *3 (S.D.N.Y. Mar. 8, 2016) (rejecting as overbroad a clause releasing defendants from liability for all claims, including claims plaintiff "may have in the future" relating to his employment); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015) (stating that "a release is valid only insofar as it precludes future claims that arise from the same facts at issue in the . . .action").

While the clause at issue here—in contrast to the clauses in *Aguilar* and *Felix*—is limited only to FLSA claims, it is nevertheless overbroad because it appears to cover claims that may accrue in the future, and asymmetrically favors Defendants, who only release Plaintiffs from claims based on conduct that has already occurred.  Therefore, the clause cannot not survive judicial scrutiny.

### III.   Conclusion

For the foregoing reasons, I find that the parties have not established that their proposed settlement agreement is fair and reasonable.  Their request that I approve the agreement is therefore DENIED without prejudice.  The parties may proceed by either:

1. Filing a revised proposed settlement agreement within thirty (30) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within thirty (30) days of the date of this Order that either (1) requests an extension of time, or (2) indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

The Clerk of Court is respectfully directed to terminate the motion at Document 86.

SO ORDERED.

Dated:   September 10, 2020
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge